WINFIELD STILLEY

v.

NATHAN G. KING.

</div>

AMENDING APPEAL BOND.—Plaintiff appealed from a justice and filed a bond. In response to a rule in Circuit Court he filed an amended bond, which mis-recited the date of the judgment, as shown by the transcript. On motion to dismiss the appeal for this defect in the bond, plaintiff asked leave to amend by giving the correct date. *Held*, that the amendment should have been allowed.

ERROR to the Circuit Court of Washington county; the Hon. AMOS WATTS, Judge, presiding

Mr. GEORGE VERNOR and Mr. JAMES M. ROUNTREE, for plaintiff in error; that the amendment should have been allowed, cited Rev. Stat. 1874, 648, § 69; Wear v. Killeen, 38 Ill. 259; Horner et al. v. Goe, 64 Ill. 178

Mr. L. M. PHILLIPS and Mr. CHARLES ROSE, for defendant in error; that the variance between the bond and the record of the judgment was fatal, cited Lemon v. Stephenson, 40 Ill. 45; Dietrich v. Rumsey, 40 Ill. 50.

The offer to show that the transcript was incorrect as to dates, was properly refused: Zimmerman v. Zimmerman, 15 Ill. 84; Garfield v. Douglass, 22 Ill. 100; Wiley v. Southerland, 41 Ill. 25.

Leave to amend was discretionary with the court, and in this case there was no abuse of such discretion: Crain v. Bailey, 1 Scam. 321; Harlan v. Scott, 2 Scam. 65; Griffin v. City of Belleville, 50 Ill. 422; Wood v. Tucker, 66 Ill. 276.

ALLEN, J. The only question in this case is, whether the Circuit Court erred in not allowing plaintiff in error time to file an amended appeal bond, and in dismissing his appeal. The record shows the case was brought to the Circuit Court on appeal from the judgment of the justice of the peace. The record further shows that on the 9th day of October term, 1876, a motion was entered to dismiss the appeal on account of the insufficiency of the appeal bond accompanied by an affidavit of the irresponsibility of the sureties on the bond. That on the 10th day of the term plaintiff in error asked and obtained leave to file amended bond by 12th Oct. day of the term. Amended bond was filed, and on the 13th day of October defendant moved to dismiss because the bond misdescribed the date of the judgment; and on the 14th October plaintiff's attorneys asked leave to file affidavits showing the date in bond was the true date, and that transcript bore wrong date, but the court refused to hear the affidavit; whereupon plaintiff asked further time to file

amended appeal bond, conforming to the date of transcript as shown by the transcript, but the court refused to give further time, and dismissed plaintiff's appeal. We are of opinion that under the circumstances further time to perfect appeal bond ought to have been given. Plaintiff's counsel may have made a mistake in supposing it was better to amend the transcript than to amend the bond, and unless the cause was called for trial, leave ought to have been granted to file amended bond. For this reason this cause is reversed and remanded.